**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
Email: bgreenberg@litedepalma.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. |
| *Plaintiff*, | |
| v. | **JURY TRIAL DEMANDED** |
| | **CLASS ACTION** |
| PHH CORPORATION, JANE D. CARLIN, ROBERT B. CROWL, JAMES O. EGAN, JAMES C. NEUHAUSER, CHARLES P. PIZZI, KEVIN STEIN, and CARROLL R. WETZEL, JR., | |
| *Defendants*. | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on February 27, 2018 (the "Proposed Transaction"), pursuant to which PHH Corporation ("PHH" or the "Company")

will be acquired by Ocwen Financial Corporation ("Parent") and POMS Corp ("Merger Sub," and together with Parent, "Ocwen").

2. On February 27, 2018, PHH's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Ocwen. Pursuant to the terms of the Merger Agreement, stockholders of PHH will receive $11.00 in cash for each share of PHH they own.

3. On April 27, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES AND RELEVANT ENTITIES

8. Plaintiff is a citizen of Gloucester County, New Jersey. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of PHH common stock.

9. Defendant PHH is a Maryland corporation, maintains its principal executive offices at 3000 Leadenhall Road, Mt. Laurel, New Jersey 08054. PHH's common stock is traded on the NYSE under the ticker symbol "PHH."

10. Defendant Janes D. Carlin ("Carlin") serves as an independent director of PHH.

11. Defendant Robert B. Crowl ("Crowl") has serves as director, President, and Chief Executive Officer ("CEO") of PHH.

12. Defendant James O. Egan ("Egan") serves as an independent director and non-executive Chairman of the Board of PHH.

13. Defendant James C. Neuhauser ("Neuhauser") serves as an independent director of PHH.

14. Defendant Charles P. Pizzi ("Pizzi") serves as an independent director of PHH.

15. Defendant Kevin Stein ("Stein") serves as an independent director of PHH.

16. Defendant Carroll R. Wetzel, Jr. ("Wetzel") serves as an independent director of PHH.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Non-party Parent is a Florida corporation and a party to the Merger Agreement.

19. Non-party Merger Sub is a Maryland corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of PHH (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of February 26, 2018, there were approximately 32,551,759 shares of PHH common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the

Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27. PHH, through its subsidiary PHH Mortgage, is one of the largest subservicers of residential mortgages in the United States.

28. PHH Mortgage provides servicing and portfolio retention solutions to investors of mortgage servicing rights, financial and wealth management institutions, regional and community banks, and credit unions.

29. Headquartered in Mount Laurel, New Jersey, the Company has been providing mortgage lending and servicing solutions since 1984.

30. On February 27, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Ocwen.

31. Pursuant to the terms of the Merger Agreement, stockholders of PHH will receive $11.00 in cash for each share of PHH they own.

32. According to the February 27, 2018 press release announcing the Proposed Transaction:

> PHH Corporation (NYSE: PHH) ("PHH" or the "Company") today announced that it has entered into a definitive agreement in which Ocwen Financial Corporation (NYSE: OCN) ("Ocwen") will acquire all of the Company's outstanding shares of common stock in an all cash transaction valued at $360 million, or $11.00 per fully-diluted share, representing a premium of 24% over the closing price of PHH's common stock of $8.84 on February 26, 2018. As part of the transaction, Ocwen will assume $119 million of PHH's outstanding unsecured debt. . . .
>
> Subject to the satisfaction of various closing conditions, including regulatory and shareholder approvals, the transaction is targeted to close in the third or fourth quarter of 2018. The agreement may be terminated by Ocwen if, among other things, the Company's unrestricted cash or net worth decline below certain

threshold amounts. Following closing, shares of PHH common stock will no longer be listed on the New York Stock Exchange.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

33. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

34. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

35. The Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Credit Suisse Securities (USA) LLC ("Credit Suisse").

36. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) unlevered free cash flow and the line items used to calculate unlevered free cash flow; (ii) the line items used to calculate EBIT; (iii) the line items used to calculate net income; (iv) the line items used to calculate adjusted net income; and (v) a reconciliation of all non-GAAP to GAAP metrics.

37. With respect to Credit Suisse's Dividend Discount Analysis, the Proxy Statement fails to disclose: (i) projected dividends through year 2026; (ii) the inputs and assumptions underlying the discount rates applied by Credit Suisse; (iii) PHH's excess cash; and (iv) the terminal values for PHH.

38. With respect to Credit Suisse's Selected Public Companies Analysis, the Proxy Statement fails to disclose Credit Suisse's basis for only using Nationstar Mortgage Holdings, Inc. and Ocwen Financial Corporation as comparable companies.

39. The Proxy Statement fails to disclose any liquidation analysis performed by Credit Suisse.

40.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

41.     The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background to the Merger; (ii) Reasons for Recommending the Merger; (iii) Recommendation of our Board of Directors; (iv) Unaudited Financial Projections; and (v) Opinion of the Company's Financial Advisor.

42.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and PHH**

43.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. PHH is liable as the issuer of these statements.

45.     The Proxy Statement was prepared, reviewed, and/or disseminated by the

Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of PHH within the meaning of Section 20(a) of the 1934 Act as alleged herein.

53. By virtue of their positions as officers and/or directors of PHH and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence

and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

56. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

57. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in

concert with them from proceeding with, consummating, or closing the Proposed Transaction;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

  C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 9, 2018         **LITE DEPALMA GREENBERG, LLC**

               By: */s/ Bruce D. Greenberg*
                  Bruce D. Greenberg
                  570 Broad Street, Suite 1201
                  Newark, New Jersey 07102
                  Telephone: (973) 623-3000
                  Facsimile: (973) 623-0858
                  bgreenberg@litedepalma.com

                **OF COUNSEL:**

                **RIGRODSKY & LONG, P.A.**
                Brian D. Long
                300 Delaware Avenue, Suite 1220
                Wilmington, Delaware 19801
                Telephone: (302) 295-5310
                Facsimile: (302) 654-7530
                bdl@rl-legal.com

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, Pennsylvania 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
rm@maniskas.com

*Attorneys for Plaintiff*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is related to the following actions pending in this Court: *Lei v. PHH Corporation*, Case No. 1:18-cv-07934 (D.N.J.), *Smith v. PHH Corporation*, Case No. 1:18-cv-08396 (D.N.J.), and *Shaev v. PHH Corporation*, Case No. 1:18-cv-08847 (D.N.J.).

I hereby certify that the following statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 9, 2018

**LITE DEPALMA GREENBERG, LLC**

By: */s/ Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
300 Delaware Avenue, Suite 1220
Wilmington, Delaware 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
bdl@rl-legal.com

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, Pennsylvania 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
rm@maniskas.com

*Attorneys for Plaintiff*